UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HERMAN M. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03103-TWP-DKL |
| ) | |
| I.D.O.C. Indiana Department of Correction, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis* and Dismissing Complaint**

**I.**

Plaintiff Herman M. Griffin's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. Notwithstanding the foregoing ruling, Mr. Griffin still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Griffin are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Griffin brings this action against the Indiana Department of Correction and two correctional facilities at which he was incarcerated, specifically New Castle Correctional Facility and IYC Correctional Facility Plainfield. Mr. Griffin alleges that various things happened to him during his incarceration over the past several years. First, he was provided blood pressure medication in 2007 and again in 2011, which he says chemically castrated him. Second, the conditions of his parole, given that he is a sex offender, do not permit him to see underage children without permission, which violates his Eighth Amendment rights. Finally, Mr. Griffin alleges a state-law defamation claim based on the sex offender registry improperly listing his crime of conviction as rape instead of attempted rape. For the reasons set forth below, each of these claims must be dismissed.

As to his claim regarding inadequate medical care in prison, a plaintiff must allege that "he was 'incarcerated under conditions posing a substantial risk of serious harm' and that [each defendant] was deliberately indifferent to that risk.'" *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Mr. Griffin fails to allege that any specific individual was deliberately indifferent to such a risk. Moreover, even if he did, his claim would be barred by the two year statute of limitations that applies to § 1983 action in Indiana, as the medications about which he complains were prescribed in 2007 and 2011. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013).

Mr. Griffin's claims regarding his conditions of parole fail to state a constitutional violation, let alone an Eighth Amendment violation as he alleges. Individuals can be released on parole pursuant to certain conditions and that is what appears to have occurred here.

As his state-law defamation claim, even if Mr. Griffin asserted a viable claim, the Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). As filed, there are no viable federal claims in the complaint. The Court declines to exercise supplemental jurisdiction over any state law claims brought in this action given that all of the federal claims are dismissed at a very early stage.

Finally, to state a claim under § 1983, each defendant must be personally involved in the alleged constitutional violation. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). All of Mr. Griffin's § 1983 claims must be dismissed because he fails to name any individual defendant that was personally responsible for the alleged conduct.

### III.

The complaint must be dismissed for the reasons set forth above. Mr. Griffin shall have **through December 12, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 11/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HERMAN M. GRIFFIN
3225 Mierrick Lane
Apt. 2B
Indianapolis, IN 46222