UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HERMAN M. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03103-TWP-DKL |
| ) | |
| I.D.O.C. Indiana Department of Correction, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

The plaintiff brought this action against the Indiana Department of Correction and two correctional facilities at which he was incarcerated. He alleges that various things happened to him during his incarceration over the past several years. First, he alleges that he was provided blood pressure medication in 2007 and again in 2011, which chemically castrated him. Second, he alleges that the conditions of his parole, given that he is a sex offender, violate his Eighth Amendment rights. Finally, he alleges a state-law defamation claim based on the sex offender registry improperly listing his crime of conviction as rape instead of attempted rape.

The Court screened the Complaint in an Entry dated November 21, 2016, and dismissed all of the plaintiff's claims. First, as to his claim regarding medical care in prison, the plaintiff failed to allege that any specific individual was deliberately indifferent to his serious medical needs. Moreover, even if he did, his claim would be barred by the two year statute of limitations that applies to § 1983 action in Indiana, as the medications about which he complains were prescribed in 2007 and 2011. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). Second, the Court explained that the plaintiff's claims regarding his conditions of parole fail to state a constitutional violation, let alone an Eighth Amendment violation as he alleges, because

individuals can be released on parole pursuant to certain conditions and that is what has occurred here. Third, the Court declined to exercise supplemental jurisdiction over the plaintiff's state-law defamation claim. Finally, the Court noted that the plaintiff failed to name any individual defendant that was personally responsible for the alleged conduct, which precludes any § 1983 claim.

The plaintiff has responded to the Court's Screening Entry, but has not provided a basis to change the Court's ultimate conclusions. As to his Eighth Amendment medical claims, the plaintiff notes that he mentioned Dr. Michael Person in the Complaint as the physician who prescribed him the medicine which plaintiff alleges caused him to be chemically castrated. But the only specific allegation about Dr. Person was that he prescribed the plaintiff the medication at issue in 2007. As explained in the Court's Screening Entry, any such claim for actions in 2007 are barred by the two-year statute of limitations. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). The plaintiff acknowledges that other medical professionals oversaw his care until his release on parole in 2014, but he does not name these individuals. He states that he has requested his prison medical records and the individuals who treated him through his release in 2014 will be noted on those medical records. But keeping this action open such that the plaintiff can identify those individuals and name them in an amended complaint would not benefit the plaintiff, as "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

As to the plaintiff's claims about his conditions of parole, the plaintiff only states that the Indiana Parole Board violation his constitutional rights "by placing him under stipulations which did not apply" to him. The specific stipulations are not made clear. To the extent the plaintiff

refers to his inability to see underage children without permission given his status as a sex offender, the plaintiff has not provided the Court with a basis to deviate from its ruling in the Screening Entry that the plaintiff's claims regarding his conditions of parole fail to state a constitutional violation, let alone an Eighth Amendment violation. As noted in that Entry, individuals can be released on parole pursuant to certain conditions and that is what has occurred here.

Finally, the plaintiff does not respond to the Court's dismissal of his state-law defamation claim based on the Court's decision not to exercise supplemental jurisdiction over it.

For the foregoing reasons and the reasons set forth in the Court's Screening Entry, this action must be **dismissed**. Final judgment in accordance with these rulings shall issue.

**IT IS SO ORDERED.**

Date: 12/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HERMAN M. GRIFFIN
3225 Mierrick Lane
Apt. 2B
Indianapolis, IN 46222